

# THE ATTORNEY GENERAL
## OF TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

AUSTIN 11, TEXAS

November 29, 1947

Hon. Eugene Talbot
County Attorney
Smith County
Tyler, Texas

Opinion No. V-442

Re: Constitutional fund
from which county
hospital bonds are
payable.

Dear Sir:

We have received your letter of November 18, 1947, in which you ask whether county hospital bonds are payable from the county general fund or from the county permanent improvement fund.

Article 4478, Revised Civil Statutes, under the conditions stated therein, authorizes the issuance of county bonds for "establishing, enlarging and equipping said (county) hospital and for all <u>other necessary permanent improvements in connection therewith.</u>" (Emphasis and parenthetical insertion added.)

Section 9 of Article VIII, Constitution of Texas, and Article 2352, Revised Civil Statutes, limit the authority of the county to levy ad valorem taxes to certain purposes and prescribe the rate for each purpose. Such purposes are the following:

1. For county purposes.
2. For road and bridge purposes.
3. To pay jurors.
4. For the erection of public buildings and other permanent improvements.

We believe that the question in which you are interested has already been fully determined both by the courts of the state and by this department: namely, that bonds issued for county hospital purposes under Article 4478 are issued for permanent improvement purposes and are payable from taxes levied therefor out of the permanent improvement tax authority, and that the same cannot legally be paid out of the general fund.

In the case of Seydler v. Border (W. E. Ref.), 115 S.W. (2) 702, the constitutionality of Article 4478 was upheld. The court, in effect, held that such bonds were payable out of the permanent improvement tax, citing the case of Robertson v. Breedlove, 61 Tex. 316.

In Opinion No. O-2599, this department held that the county hospital improvements authorized by Article 4478 were payable from the permanent improvement tax. In Opinion No. V-118, this department held that county hospital bonds could not be issued because the necessary tax levy to pay the bond requirements would exceed the constitutional limitation.

Similarly, this department has determined that county park bonds and county airport bonds are issued for purposes of "permanent improvements" and are payable from the permanent improvement fund.

If such bonds are payable from the permanent improvement fund, then moneys of the general fund cannot be used therefor, for it is well settled that moneys from one constitutional fund cannot be transferred to another such fund, and can be expended for no other purpose. Carroll v. Williams, 109 Tex. 155, 202 S.W. 504, (affirming, in part, Williams v. Carroll, 182 S.W. 29).

## SUMMARY

County hospital bonds, issued under the authority of Article 4478, are issued for permanent improvements and are payable, both as to interest and principal, from taxes levied therefor under the authority of the commissioners' court to levy taxes for the erection of public buildings and other permanent improvements. Provided, however, that such bond taxes can in no event increase the maximum amount of the total permanent improvement tax beyond the constitutional limit.

Such county hospital bonds cannot legally be paid with moneys belonging to the

county general fund or with taxes levied
for such county purposes.

Very truly yours,

ATTORNEY GENERAL OF TEXAS

BY *George W. Sparks*

George W. Sparks
Assistant.

GWS:erc

APPROVED:

*Fagan Dickson*

FIRST ASSISTANT
ATTORNEY GENERAL